1
2
3
4
5

UNITED STATES DISTRICT COURT

6

NORTHERN DISTRICT OF CALIFORNIA

7

8  NOEL RAMIREZ,                         Case No. 14-cv-01264-MEJ

          Plaintiff,
9                                         **ORDER RE: MOTION TO DISMISS**
                                          **AND MOTION TO STRIKE**
10    v.
                                          Re: Dkt. Nos. 9, 10
11 CITY OF HAYWARD, et al.,

12          Defendants.

13

14

15                          **INTRODUCTION**

16        Plaintiff Noel Ramirez brings this 42 U.S.C. § 1983 case against Defendants City of

17 Hayward (the "City"), Police Chief Diane Urban, Officer Jonathan McLeod, and Officers Doe 1-

18 25 for alleged use of excessive force.  Before the Court is the City's Motion to Dismiss pursuant to

19 Federal Rule of Civil Procedure 21, filed April 14, 2014 (Dkt. No. 10), as well as the City's

20 Motion to Strike Portions of the Complaint pursuant to Federal Rule of Civil Procedure 12(f)(2),

21 filed April 14, 2014 (Dkt. No. 9).  Having considered the parties' papers and relevant legal

22 authority, the Court **GRANTS** the City's Motion to Dismiss WITH LEAVE TO AMEND.  The

23 Court also **GRANTS** the City's Motion to Strike Portions of the Complaint.

24                          **BACKGROUND**

25        The following background is taken from Plaintiff's Complaint, filed March 18, 2014.  Dkt.

26 No. 2 ("Compl.").  Plaintiff alleges that on the morning of March 4, 2013, an officer of the

27 Hayward Police Department stopped the vehicle in which Plaintiff and his friends were riding.  *Id.*

28 ¶ 13.  Plaintiff originally believed this officer was Jonathan McLeod.  *Id.* ¶ 14.  Once Plaintiff and

his friends complied with the police officer's request for identification, the officer allowed them to

*United States District Court*
*Northern District of California*

leave.  *Id.*

Approximately one hour later, Hayward police officers again stopped Plaintiff and his friends.  *Id.* ¶ 15.  Plaintiff alleges that at this point, without justification or cause, the police officers used excessive and unreasonable force against him by pulling him from the car, throwing him face down on the cement, and placing him in handcuffs.  *Id.* ¶¶ 15-16.

On March 18, 2014, Plaintiff filed the present Complaint, alleging nine causes of action related to the incident: (1) a claim under 42 U.S.C. § 1983 against Officer Jonathan McLeod, Doe Officers 1-25, and Police Chief Diane Urban, both individually and in their official capacities for depriving Plaintiff of his rights under the Fourth and Fourteenth Amendments; (2) a claim under 42 U.S.C. § 1983 against Officer Jonathan McLeod, Doe Officers 1-25, and Police Chief Diane Urban, both individually and in their official capacities for depriving Plaintiff of his rights under the Equal Protection Clause of the Fourteenth Amendment; (3) a claim under 42 U.S.C. § 1983 against Officer Jonathan McLeod, Doe Officers 1-25, and Police Chief Diane Urban, both individually and in their official capacities pursuant to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), for their failure to develop proper policies regarding racial discrimination and the provision of medical care, and for their failure to properly train Officer McLeod in the use of force during arrest; and state law claims of (3) assault and battery, (4) false arrest, (5) intentional infliction of emotional distress, (6) violation of California Civil Code section 52.1; and (7) negligence against Officer McLeod.  Dkt. No. 2.

On April 14, 2014, the City filed a Motion to Strike (Dkt. No. 9) and a Motion to Dismiss (Dkt. No. 10).  In the Motion to Strike, the City moves to strike all claims against Chief Urban as redundant of the official capacity suit.  Mot. to Strike at 4.  Plaintiff filed an Opposition[1] on April 30, 2014 (Dkt. No. 11) and the City filed a Reply on May 4, 2014 (Dkt. No. 13).  In the Motion to

---

[1] In his Opposition, the Court requested the Court enter sanctions against the City, arguing that its motions were frivolous and premature.  Opp'n to Mot. to Strike at 4.  Plaintiff's Motion for Sanctions fails to comply with Federal Rule 11(c)(2) which requires a motion for sanctions to be made separately from any other motion.  It also fails to comply with Local Rule 7-2(a), which requires motions to be noticed not less than 35 days after filing.  Accordingly, the Court denies Plaintiff's request to impose sanctions.

United States District Court
Northern District of California

Dismiss, the City argues that this Court should dismiss Officer Jonathan McLeod as a party because he was erroneously named as a defendant in this matter.  Mot. to Dismiss at 2.  Plaintiff filed an Opposition to the motion on April 30, 2014 (Dkt. No. 12) and the City filed a Reply on May 4, 2014 (Dkt. No. 14).  On May 20, 2014, the Court found the motions suitable for disposition without oral argument and vacated the noticed May 22, 2014 hearing.  Dkt. No. 15.

## DISCUSSION

### A.      Motion to Strike Redundant Claims

The City moves to strike all claims alleged against Chief Urban as redundant of the official capacity claims alleged against the City.  Mot. to Strike at 4.  Plaintiff argues that this motion is unnecessary because he has already agreed to strike the redundant claims.  Opp'n at 3.  As Plaintiff does not oppose the motion, the Court GRANTS the Motion to Strike.

### B.      Motion to Dismiss an Incorrectly Named Party

The City moves to dismiss Officer Jonathan McLeod pursuant to Federal Rule of Civil Procedure 21 because he was erroneously named as a defendant.  Mot. to Dismiss. at 4.  In response, Plaintiff asks that the motion to dismiss be denied with prejudice and that Plaintiff be granted leave to amend to dismiss Officer Jonathan McLeod and add Officer Richard McLeod as a defendant.  Opp'n to Mot. to Dismiss at 3.

"On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.  Rule 21 "'should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.'"  *Otsuka v. Polo Ralph Lauren Corp*., 2010 WL 366653, at *7 (N.D. Cal. Jan. 25, 2010) (quoting Fed. R. Civ. 21).

As Plaintiff does not oppose the merits of the City's Motion to Dismiss, the Court GRANTS the motion WITH LEAVE TO AMEND to add Officer Richard McLeod as a defendant.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the City's Motion to Strike the claims against Chief Urban as redundant of the official capacity suit.  The Court also **GRANTS** the City's Motion to Dismiss Officer Jonathan McLeod as an incorrectly named party, with leave to amend

United States District Court
Northern District of California

3

1   to add Officer Richard McLeod as a defendant.  Plaintiff shall file an amended complaint by

2   August 28, 2014.

3        **IT IS SO ORDERED.**

4

5   Dated: August 14, 2014

6   _____

7   MARIA-ELENA JAMES
    United States Magistrate Judge

United States District Court
Northern District of California

4